IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA )
ex rel. JERRI ROBBIN LINDSEY, )
#B49150, )
 )
 )
            Petitioner, )
 )
    v. ) No. 06 C 3213
 )
WARDEN CAROLYN ROBERTSON, )
 )
            Respondent. )

MEMORANDUM OPINION AND ORDER

Jerri Robbin Lindsey ("Lindsey") has just filed her Petition for Writ of Habeas Corpus ("Petition"), challenging her 1995 conviction on charges of first degree murder and first degree armed robbery on which she is currently serving a 45-year term at Lincoln Correctional Center. This memorandum opinion and order is issued sua sponte pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Section 2254 Rules") because "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court" (id.).

Despite the length of Lindsey's 25-page narrative account that she has attached to the printed form of Petition that this District Court's Clerk's Office provides for pro se petitioners, she has not provided most of the information as to the timing of the prior history of her unsuccessful direct appeal in the state court system and of her ensuing and initially successful, then

unsuccessful, efforts to obtain post-conviction relief there. That being so, this Court cannot now tell whether Lindsey's current Petition is or is not barred by the one-year limitation period prescribed by 28 U.S.C. §2244(d)(1)[1]--a question that is obviously dependent on the amount of time excluded from that calculation under Section 2244(d)(2). This Court is now endeavoring to obtain from the state court authorities the information necessary for making that determination.

In the meantime, however, the final page of the handwritten account that Lindsey has attached to the form Petition reveals that it must now be dismissed as premature, whether or not it could survive a possible limitations bar. What she reveals there is (1) that the rejection by the Illinois Appellate Court for the First District of her second state post-conviction effort took place earlier this year (according to information obtained from the Appellate Court, on May 10, 2006) and (2) that she has not taken the matter on from there. Under the definitive ruling in O'Sullivan v. Boerckel, 526 U.S. 838, 839-40 (1999):

> Federal habeas relief is available to state prisoners only after they have exhausted their claims in state court. 28 U.S.C. §§2254(b)(1), (c)(1994 ed. and Supp. III). In this case, we are asked to decide whether a state prisoner must present his claims to a state supreme court in a petition for discretionary review in order to satisfy the exhaustion requirement. We conclude that he must.

---

[1] All further references to Title 28's provisions will simply take the form "Section--."

2

Because Lindsey has not taken the step mandated by the United States Supreme Court, she fails the exhaustion requirement of Sections 2254(b)(1)(A) and 2254(c). That being so, Section 2254 Rule 4 mandates the dismissal of the current Petition and this action, and this Court so orders.[2]

                                                                        */s/ Milton I. Shadur*
                                                                        Milton I. Shadur
                                                                        Senior United States District Judge

Date: June 13, 2006

---

[2] Because the dismissal order here would not necessarily foreclose Lindsey's federal habeas efforts if she were hereafter to satisfy the exhaustion requirement, this Court plans to continue its efforts to obtain the information needed for a limitations determination. If it is successful in doing so, it may hereafter issue a supplement to this opinion.