IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA )
ex rel. JERRI ROBBIN LINDSEY, )
#B49150, )
 )
              Petitioner, )
 )
   v. )   No. 06 C 3213
 )
WARDEN CAROLYN ROBERTSON, )
 )
             Respondent. )

MEMORANDUM ORDER

Regrettably the January 6, 2007 letter that pro se petitioner Jerri Robbin Lindsey ("Lindsey") wrote to this Court, reporting that she had then exhausted all of her state post-conviction remedies,[1] was simply filed in the Clerk's Office without any notification to this Court of its existence or any delivery to this Court of a copy of the letter. Accordingly this Court was totally unaware that the defect in Lindsey's Petition that had led to its dismissal had been cured until Lindsey wrote a follow-up letter on October 23.

This Court has taken immediate steps to follow up on the case, including its obtaining the three unpublished orders of the Illinois Appellate Court for the First District[2] and the Illinois

---

[1] Nonexhaustion of those remedies had been the basis for this Court's June 13, 2006 memorandum opinion and order dismissing Lindsey's Petition for Writ of Habeas Corpus ("Petition").

[2] Those orders comprise the July 25, 1997 affirmance of Lindsey's conviction on direct appeal (Case No. 1-95-1535), the

Supreme Court's November 29, 2006 denial of leave to appeal the Appellate Court's dismissal of the state post-conviction petition. Those documents confirm Lindsey's satisfaction of the exhaustion requirement and therefore call for further proceedings.

Accordingly this Court:

1. directs Lindsey to refile her Petition so that it may be assigned a new case number in place of the previously dismissed Case No. 06 C 3213;[3]

2. will treat Lindsey's initial Motion for Appointment of Counsel as applicable to the new case and, when the new case is filed, will grant that motion, for which purpose this District Court's regularly-employed procedure for appointments from its trial bar will be followed;

3. will also order the Illinois Attorney General's Office to file, on behalf of the respondent Warden, within 49 days after the new case is filed, an answer to the new Petition in accordance with Rule 5 of the Rules Governing

---

February 6, 2003 reversal and remand in connection with Lindsey's post-conviction filing (Case No. 1-00-3480) and the May 10, 2006 affirmance of the Circuit Court of Cook County's post-remand dismissal of Lindsey's post-conviction effort (Case No. 1-05-1458).

[3] To assist Lindsey in that process, a copy of the original Petition is being mailed to her together with a copy of this memorandum order  When Lindsey has completed the new Petition, she must transmit the original and two copies to this District Court.

2

Section 2254 Cases in the United States District Courts.[4] This Court will then determine what further proceedings are necessary.

                                                    _____
                                                    Milton I. Shadur
                                                    Senior United States District Judge

Date: November 7, 2007

---

[4] Because the materials obtained by this Court disclose an unexplained gap of more than two years between the Appellate Court's February 6, 2003 reversal and remand and the March 11, 2005 filing of Lindsey's supplemental post-conviction petition with the Circuit Court, the response by the Attorney General's Office should address the question of the new Petition's timeliness or untimeliness under 28 U.S.C. §2244(d)(for that purpose the January 6, 2007 date of Lindsey's letter referred to in the first sentence of this memorandum order will be treated as the effective filing date of her new Petition). If counsel believes that there is a good-faith basis for asserting untimeliness, the answer may be limited to that issue without addressing the merits of the Petition. If such is not the case, however, the answer should briefly explain why the Petition is timely and then address the merits of Lindsey's Petition.